IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                     :

In re:                                             :    Chapter 15
                                                   :
PT BERLIAN LAJU TANKER TBK,         :    Case No. 13-10901-smb
                                                 :
            Debtor in a Foreign Proceeding.   :
                                                 :
------------------------------------------------------------------X

**ORDER GRANTING CERTAIN RELIEF RELATED TO
RECOGNITION OF FOREIGN MAIN PROCEEDING**

Upon the Motion (the "Motion") dated November 21, 2014 of Cosimo Borrelli (the "Foreign Representative"), as Foreign Representative of the Above-Captioned Debtor in a Foreign Proceeding, to Recognize and Enforce the PKPU Plan;[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "Amended Standing Order"); and this Court having reviewed the Motion, the Declaration of the Foreign Representative in Support of the Motion (the "Borrelli Declaration"), the Declaration of Timur Sukirno in Support of the Motion, any responses to the Motion and the statements of counsel with respect to the Motion at a hearing before this Court on January 8, 2015 (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Motion and all

---

[1] Terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion and the Borrelli Declaration.

other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

I.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

II.  This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

III.  On March 26, 2013, BLT filed a Chapter 15 Petition for Recognition of the Indonesian Proceeding as a Foreign Main Proceeding in this Court, Case No. 13-10901-smb (the "BLT Chapter 15 Case").

IV.  On May 21, 2013, this Court entered an order recognizing the Indonesian Proceeding as a Foreign Main Proceeding within the meaning of section 1502(4) of the Bankruptcy Code. [Docket No. 32]. In that order, this Court also recognized Cosimo Borrelli as the foreign representative of BLT within the meaning of section 101(24) of the Bankruptcy Code.

V.  The Foreign Representative and BLT, as applicable, are entitled to the additional assistance and discretionary relief requested in the Motion pursuant to sections 1521(a) and, to the extent applicable, 1507(a) of the Bankruptcy Code.

VI.  Absent permanent injunctive relief, the Indonesian Proceeding and BLT's efforts to consummate the PKPU Plan could be thwarted by the actions of certain creditors, a result that would be inconsistent with the purposes of chapter 15 of the Bankruptcy Code as set forth, inter alia, in section 1501(a) of the Bankruptcy Code. Such actions could threaten, frustrate, delay, and ultimately jeopardize the Indonesian Proceeding and implementation of the PKPU Plan, and, as a result, BLT, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

VII.  Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the Indonesian Proceeding and PKPU Plan, (iii) is an integral element of the Indonesian Proceeding and PKPU Plan and/or to their effectuation, (iv) confers material benefits on, and is in the best interests of BLT and its creditors and (v) is important to the overall objectives of BLT's restructuring.

VIII.  The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, BLT, its estate and all of its creditors.

IX.  The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect BLT and the interests of its creditors and other parties in interest.

X. Appropriate notice of the filing of, and the Hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

XI. The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 105(a), 1507(a), and 1521(a) and 1525 of the Bankruptcy Code; and it will not cause to BLT's creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief requested herein.

XII. For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. The PKPU Plan, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized, granted comity, and given full force and effect to the same extent that they are given effect in the Republic of Indonesia, and each is binding on all Plan Creditors (as defined in the PKPU Plan) of BLT, including all HY Bondholders, and any of their successors or assigns.[2]

---

[2] For the avoidance of doubt, although the MLA Lenders are not Plan Creditors under the PKPU Plan and are not bound by the terms of the PKPU Plan, they have entered into restructured loan documents with BLT on a consensual basis in connection with the restructuring contemplated under the PKPU Plan.

3. Subject to paragraphs 5 and 6 of this Order, all persons and entities are permanently enjoined from taking any action within the territorial jurisdiction of the United States that is in contravention of or that is inconsistent with the PKPU Plan.

4. Subject to paragraphs 5 and 6 of this Order, with respect to claims based upon, concerning or relating in any way to the HY Bonds or the solicitation and/or implementation of the PKPU Plan, all persons and entities are enjoined and restrained from taking any action within the territorial jurisdiction of the United States (including, without limitation, commencing or continuing any action or legal proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), whether directly or by way of counterclaim (and from seeking discovery of any nature related thereto)) concerning the HY Bonds or that would interfere with or impede the administration, implementation and/or consummation of the PKPU Plan and/or the terms of this Order against BLT, the Foreign Representative, the Restructured Bonds Indenture Trustee (as defined below), HSBC, in its capacity as the indenture trustee ("HSBC") under the Indenture with respect to the HY Bonds dated May 4, 2007 (the " Existing Indenture"), the Depository Trust Company (the "DTC") and any of their successors or assigns.

5. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining (a) the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or the exercise of any rights to the extent not stayed pursuant to section 362(o) of the Bankruptcy Code, (b) any action permitted or contemplated by (i) the PKPU Plan or (ii) any agreement entered into in connection with the PKPU Plan (including, without limitation, any

exercise of remedies or other action permitted or contemplated by the Loan Agreement, the "restructured loan documents with the MLA Lenders" described in paragraph 28 of the Borrelli Declaration, and/or any ancillary documents entered into in connection therewith (collectively, the "MLA Facility Documents")), or (iii) solely to the extent that the PKPU Plan is no longer effective under Indonesian law for any reason, any action that is not prohibited by the Indonesian Court with jurisdiction over the PKPU Plan or Indonesian law.

6. Nothing contained in this Order shall be construed as restricting the ability of the MLA Lenders to take action (including, without limitation, the exercise of remedies) to the extent permitted by or contemplated under the MLA Facility Documents.

7. The Trust Indenture Act (15 U.S.C. § 77aaa, *et seq*.) is not applicable to the Mandatory Exchange to be effected pursuant to the PKPU Plan.

8. The Mandatory Exchange is exempt from the registration requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e(a)).

9. Madison Pacific Trust Limited is appointed as indenture trustee under the Restructured Bonds Indenture (the "Restructured Bonds Indenture Trustee"), and HSBC, the DTC, and the Restructured Bonds Indenture Trustee are hereby authorized and directed to take any lawful actions that may be necessary to consummate the transactions contemplated by the PKPU Plan.

10. HSBC, the DTC, and the Restructured Bonds Indenture Trustee shall be exculpated and released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting willful misconduct or gross negligence as finally determined by the Court.

11. BLT shall (i) pay the reasonable and documented fees and expenses incurred by HSBC (including the compensation and expenses, advances and disbursements of its counsel and of all persons not regularly in its employ) to the extent accrued and unpaid through and including the date of this Order and (ii) reimburse HSBC upon its request for all reasonable and documented additional fees and expenses and disbursements incurred or made by HSBC (including the compensation and expenses, advances and disbursements of its counsel and of all persons not regularly in its employ) when and as would be required by the terms of the Existing Indenture if it had not been terminated, discharged and satisfied and to the extent necessary to consummate the transactions contemplated by the PKPU Plan.

12. Nothing in this Order shall affect the rights of HSBC to collect its fees and expenses from the holders of the HY Bonds or its lien on any payment made with respect to the HY Bonds.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; (c) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the PKPU Plan and this Order; and (d) the relief granted in this Order does not impact any party's rights, remedies, claims or defenses whatsoever in the Indonesian Proceeding, including with respect to any pending appeals.

14. A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, by facsimile, electronic mail, or first-class mail, upon all persons or bodies authorized to administer foreign proceedings of BLT (if any),

any parties to litigation pending in the United States in which BLT was a party at the time of the filing of the Motion (if any), the Restructured Bonds Indenture Trustee, HSBC, the Office of the United States Trustee for the Southern District of New York, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

15. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated: New York, New York

_____, 2015

_____
Honorable Stuart M. Bernstein, U.S.B.J.